UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALI GHADERSOHI,

                    Plaintiff,                        **DECISION AND ORDER**

    v.

                                                      10-CV-144S(Sc)

HEALTH RESEARCH, INC.,

                    Defendant.

---

1.     Plaintiff commenced this employment discrimination action on February 22, 2010. The case was closed on December 27, 2011, after this Court granted Plaintiff's motion to withdraw the Complaint. Plaintiff filed several motions after his case was closed—Docket Nos. 62 (motion for withdraw of attorney), 66 (motion for extension of time to appeal), 70 (motion for reconsideration), 76 (motion to seal previously filed documents), 77 (motion to reopen case for the purpose of sealing the action in its entirety), and 78 (motion to reopen case for the purpose of sealing previously filed documents, sealing the entire action, and removing the action from PACER). The latter three motions, Docket Nos. 76, 77, and 78 are presently before the Court. Docket No. 78 appears to supercede Docket No. 76, and the earlier-filed motion is therefore denied as moot.

2.     There is a presumption that Court documents are accessible to the public and "that a substantial showing is necessary to restrict access." Local Rules of Civil Procedure 5.3(a). Cases recognize the common-law right of access to judicial documents as a measure of accountability for federal courts. Lugosch v. Pyramid Co. of Onondaga, 435

1

F.3d 110, 119 (2d Cir. 2006); DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). "Without monitoring, . . . the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Where the documents or statements at issue are of a type routinely filed by the court and generally accessible, the presumption of accessibility is stronger than where the documents or statements are unusual or of a type generally filed under seal. Id. at 1050. The weight of the presumption of accessibility must be balanced with any countervailing factors, such as the danger that disclosure will impair law enforcement, judicial efficiency, or the privacy interests of third-parties, promote scandal, or be used to gratify private spite. Id. at 1050-51.

There also exists a qualified First Amendment right to access certain judicial documents. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004). Where such a right exists, documents may be sealed only if the court makes specific, on the record findings demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987). Under both the common law and the First Amendment, the burden of demonstrating that a document or case should be sealed rests with the party seeking that relief. Amodeo, 71 F.3d at 1047.

3.  In light of the established law, this Court will first consider Plaintiff's more narrowly-tailored request (Docket No. 78). Plaintiff requests that the Court reopen the case and seal the parties' Confidential Settlement Agreement which Defendant twice filed on the docket. As Plaintiff correctly notes, this document was filed under seal in two prior cases he commenced against Defendant. Based on the confidential nature of the

document, Plaintiff's motion to reopen this case for the limited purpose of sealing Docket No. 34, Exh. K and Docket No. 43, Exh. 11 is granted.

4. Plaintiff also requests that this entire case be sealed, and removed from PACER[1], based on his belief that he has been unable to obtain employment because "companies such as: FindACase and LAW.JUSTIA.COM" published information about this case on the internet. (Docket No. 77 ¶ 1 Exh. A.) He asserts this publication had damaged his reputation and career. Id. ¶ 2.

4. The documents that will remain accessible in this case are the type that give rise to a strong presumption against sealing. Plaintiff's broad request is based on speculation regarding the impact of publication and a generalized allegation of harm. In short, Plaintiff has not raised any concern sufficient to warrant sealing this case, and his motion to reopen for the purpose of sealing this case in its entirety and removing it from PACER is denied.

5. IT HEREBY IS ORDERED that Plaintiff's Motion to Seal (Docket No. 76) is DENIED as moot;

FURTHER that Plaintiff's Motion to Reopen for the limited purpose of sealing Docket No. 34, Exh. K and Docket No. 43, Exh. 11 (Docket No. 78) is GRANTED;

FURTHER that Plaintiff's Motion to Reopen for the purpose of sealing this case in its entirety and removing it from PACER (Docket No. 77) is DENIED.

FURTHER that Plaintiff is prohibited from filing any further motions in this closed case; and

---

[1] The combination of PACER and electronic case filing system makes plaintiff's case accessible to those with computer access and an account with the federal judiciary to access filings. Documents that are part of the publically-accessible record may be republished or discussed elsewhere.

FURTHER that the Clerk of Court shall not accept any further motions for filing in this closed case.

SO ORDERED.

Dated:	April 16, 2014
	Buffalo, New York

					s/William M. Skretny
					WILLIAM M. SKRETNY
					Chief Judge
					United States District Court